JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BOCKRATH; CHRISTINE COCHRAN; DEVON COCHRAN; MICHAEL COCHRAN; DAVID MEYERS; and ANDRES TRIVENO,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**APARTMENT INVESTMENT AND MANAGEMENT COMPANY; and DOES 1–20 inclusive,**<br><br>**Defendants.** | **Case No.: CV 20-04179-CJC (PJWx)**<br><br>**ORDER *SUA SPONTE* REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

## I. INTRODUCTION & BACKGROUND

On April 7, 2020, Plaintiffs Mark Bockrath, Christine Cochran, Devon Cochran, Michael Cochran, David Meyers, and Andres Triveno filed this action in Los Angeles County Superior Court against Defendant Apartment Investment and Management Company and unnamed Does. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiffs

each applied to live in an apartment complex called Palazzo West in Los Angeles, California. (*Id.* ¶ 1.) Defendant pulled "at least four (4) investigative consumer reports" about each Plaintiff as part of those applications. (*Id.* ¶ 21.) Plaintiffs asserted that this violated California's Investigative Consumer Reporting Agencies Act ("ICRAA") and Unfair Competition Law ("UCL"), and also constituted negligence per se. (*Id.* ¶¶ 31–62.) Defendant removed the case to this Court. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Specifically, Defendant asserted that this Court has diversity jurisdiction because Plaintiffs allege they are entitled to $40,000 each, punitive damages, and attorney fees, bringing the case's total value to over $75,000. (*Id.* ¶¶ 19–25.)

On June 3, 2020, Plaintiffs filed a First Amended Complaint ("FAC") against Defendant, asserting claims for violations of the ICRAA and UCL. (Dkt. 10.) The FAC does not assert a basis for this Court's jurisdiction.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

When a defendant removes a case from state court, it carries the burden of establishing subject matter jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But the removal statute is strictly construed against removal jurisdiction. *Gaus*, 980 F.2d at 566. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

**III. ANALYSIS**

Defendant contends that the amount in controversy in this case exceeds $75,000 because each Plaintiff seeks $40,000 in statutory damages, reaching a total of "$240,000 in aggregated statutory damages." (NOR ¶ 19.) However, as a general rule, multiple plaintiffs who assert "separate and distinct" claims in a lawsuit may not aggregate their claims to satisfy the jurisdictional amount.[1] *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911); *Synder v. Harris*, 394 U.S. 332, 335 (1969); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–44 (2001) ("When two or more plaintiffs, having

---

[1] The anti-aggregation applies equally to class actions, such that separate and distinct claims cannot be aggregated, *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973), and at least one plaintiff in the putative class must satisfy $75,000 threshold, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.") (quoting *Troy*, 222 U.S. at 40); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013) ("The federal courts have long accepted the general rule that multiple plaintiffs who join together in a single lawsuit to enforce their rights as individuals may not aggregate their claims to satisfy a jurisdictional threshold for the amount in controversy."). That is exactly what Defendant seeks to do here.[2]

Defendant knows better. Indeed, it acknowledged the anti-aggregation rule in its NOR, explaining that that "at least one named plaintiff in the action" must "satisf[y] the amount-in-controversy requirement" alone for the Court to have "jurisdiction over the claims of other plaintiffs in the same Article III case or controversy" where "those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." (NOR ¶ 10.) Defendant goes so far as to say, "*Although aggregating damages is not typically done*, Plaintiffs do request at least $240,000 in aggregated statutory damages." (NOR ¶ 19 [emphasis added].) But the law plainly does not permit aggregation of individual claims to reach the jurisdictional threshold, and Defendant does not contend that any single Plaintiff asserts a claim for more than $75,000 in damages.

Nor is the Court persuaded by Defendant's contention that that Plaintiffs' claims for attorney fees nudge them over the jurisdictional amount. Attorney fees that accrue

[2] Defendant does not contend that the single title exception to the anti-aggregation rule applies, and the Court finds it does not. *See Troy*, 222 U.S. at 40–41 ("[W]hen several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."); *see, e.g.*, *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *10 (C.D. Cal. Oct. 31, 2014) (granting motion to remand and concluding that the single title exception did not apply in a case where the "plaintiffs assert[ed] that each was a victim of [the defendant's] purportedly fraudulent collection of home loan payments" because "the claims of each [plaintiff] arises out of his or her individual transactions with [the defendant]").

after the filing of a notice of removal may be included in an estimate of the amount in controversy. *Fritsch*, 899 F.3d at 795. Defendant estimates that Plaintiffs would spend at least 216 hours taking this case to trial, adding approximately $86,400 to the total amount in controversy. (NOR ¶¶ 20–24.) But the Court is not persuaded that this is a reasonable estimate of attorney fees in this case. Indeed, many cases alleging similar violations settle early, and Defendant provides no explanation for why this case is likely to go to trial. *See Fritsch*, 899 F.3d at 795 ("[W]e are confident that district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement."); (NOR ¶¶ 23–24 ["*If* the matter proceeds to trial . . . the total time AIMCO reasonably estimates Plaintiff (sic) would spend on this case is at least 216 hours."] [emphasis added].) Defendant's approach would give this Court diversity jurisdiction over any case removed to federal court where the parties are completely diverse. *See Visajnam v. Benihana Nat'l Corp.*, 2015 WL 11089753, at *3 (C.D. Cal. July 9, 2015) (collecting average billable rates and hours spent taking a case to trial, and concluding that including attorney fees in the amount in controversy as Defendant proposed "would mean *every* employment case in this district met the amount-in-controversy threshold," which "simply can't be").

Finally, Plaintiffs' FAC fails to save the shortcomings of Defendant's NOR, as the FAC does not assert any basis for jurisdiction.

## IV. CONCLUSION

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant failed to carry its burden of showing that this Court has diversity jurisdiction in its NOR, and Plaintiffs'

FAC likewise provides no basis for asserting jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this case to Los Angeles County Superior Court.

DATED: June 25, 2020

CORMAC J. CARNEY
CHIEF UNITED STATES DISTRICT JUDGE